IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18-CR-00185 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL D. NIXON, | ) | MOTION TO SUPPRESS |
| | ) | |
| Defendants. | ) | *(EVIDENTIARY HEARING AND* |
| | ) | *FRANKS HEARING REQUESTED)* |
| | ) | |

Now comes Defendant, Michael D. Nixon, by and through undersigned counsel, Kevin M. Cafferkey, and hereby respectfully requests this Honorable Court to suppress the evidence seized as a result of the government's search warrants for the person of Michael D. Nixon and the residence of 929 Township Road 2375 Perrysville, Ohio 44864 issued by United States Magistrate Jonathan Greenberg on November 29, 2017 that was obtained in violation of Mr. Nixon's constitutional rights. All evidence derived from the illegal search, including the seizure of electronic devices including a cellular phone (360-210-2360- Target Telephone), the seizure of the Defendant, and any statements made by the Defendant must be suppressed as "fruit of the poisonous tree." See *Wong Sun v. United States*, 371 U.S. 484-488 (1963). The Defendant is further requesting leave from this Honorable Court to obtain the services of an expert witness in support of his Motion to Suppress. Additional reasons in support of this Motion are more fully set forth in the attached Memorandum in Support, which is hereby incorporated by reference.

Respectfully submitted,

/s/ Kevin M. Cafferkey
KEVIN M. CAFFERKEY, (#0031470)
Attorney for the Defendant

**MEMORANDUM IN SUPPORT**

**I.     PROCEDURAL BACKGROUND.**

Defendant Michael D. Nixon was the sole Defendant named in a seven (7) count Indictment on April 11, 2018.  Nixon is charged with five counts of sexual exploitation of children in violation of 18 USC §2251(a), one count of receipt and distribution of visual depictions of minors engages in sexually explicit conduct in violation of 18 USC §2252(a)(2), and one count of possession of child pornography in violation of 18 USC §2252A(a)(5)(B). The Grand Jury further charged that on November 29, 2017, Michael D. Nixon did knowingly possess two (2) Samsung Gusto 3 cellular phones that contained child pornography, as defined in 18 USC §2256(8) all in violation of 18 USC §2252A(a)(5)(B). On May 10, 2018, Nixon appeared before this Honorable Court and entered a not guilty plea. On July 2, 2018, the Court declared this matter complex.

**II.    FACTUAL BACKGROUND.**

In case number 1:17-mj-4205, FBI Task Force Officer Brian J. Allen obtained an Application for a Search Warrant for the person of Michael D. Nixon, SSN xxx-xx-3207, issued by Magistrate Judge Jonathan Greenburg on November 29, 2017. Michael D. Nixon was described in Attachment A as a white male, 5'7," DOB 02/18/1963, and a photograph of Nixon was displayed. Attachment B indicated that the particular thing to be seized was a Samsung Gusto 3 Verizon wireless cellular telephone with the phone number 360-210-2360 and/or ESN A00000477F7856 (Target Telephone). TFO Officer Allen was the affiant for the warrant. On December 5, 2018, TFO Bryan Allen filed the Search Warrant Return indicating that the warrant was served on November 29, 2017 at 10:25 am.  A Samsung cell phone was taken as a result.

In case number 1:17-mj-4204, FBI Task Force Officer Brian J. Allen obtained an Application for a Search Warrant for 929 Township Road 2375 Perrysville, Ohio 44864, issued by Magistrate Judge Jonathan Greenburg on November 29, 2017. The property of 929 Township Road 2375 was described in Attachment A. Attachment B indicated that the particular thing to be seized was a Samsung Gusto 3 Verizon wireless cellular telephone with the phone number 360-210-2360 and/or ESN A00000477F7856 (Target Telephone). TFO Officer Allen was the affiant for the warrant. On December 5, 2018, TFO Bryan Allen filed the Search Warrant Return indicating that the warrant was served on November 29, 2017 at 10:25 am. Nothing was taken as a result of this warrant. Task Force Officer Brian J. Allen prepared one affidavit in support of the search warrant for the person of Michael D. Nixon and the residence of 929 Township Road 2375.

The search warrant affidavit is twelve (12) pages long and contains thirty (30) paragraphs. A cellular phone was recovered as a result of search warrant in 1:17-mj-4205, the execution of the warrant for the search of the person, Michael D. Nixon, not the search warrant for the property. Affiant Allen indicated he was investigating the activities of an individual using a cellular device bearing phone number 360-210-2360 and/or ESN A00000477F7856 (Target Telephone) for allegations of child pornography. Affiant Allen submitted his affidavit in support of a search warrant authorizing a search of 929 Township Road 2375 Perrysville, Ohio 44864 (the Premises) and the person of Michael D. Nixon (the Person). (¶ 3). The Affiant was requesting authority to search the person and entire the premises, including the two car detached garage, through two separate warrants.  *Id*.

On Thursday, November 16, 2017, the Metropolitan Police Department for the District of Columbia was notified that an unknown person asked a child victim to send nude images to 360-

3

214-1406 and she complied. (¶ 7-13). On November 16, 2017, Verizon Wireless, pursuant to an administrative subpoena, indicated that it could not identify a subscriber for 360-214-1406, as it was a prepaid cellular phone. (¶ 14). The phone number 360-214-1406 was also associated with a complaint filed with the Bellingham, Washington Police Department on November 10, 2017 regarding the sending of nude photos to a seventeen (17) year old. (¶ 15-16).

On November 20, 2017, U.S. Magistrate Judge Michael Harvey from the District of Columbia issued a search warrant for the historical cell site data for the Target Cellular Device 360-214-1406, authorizing the disclosure of the cell site and other location data for a period of thirty (30) days. (¶ 17). On November 21, 2017, Verizon Wireless indicated that the Target Cellar Device had been changed from 360-214-1406 to 360-210-2360 with a mobile equipment identifier (MEID) of A00000477F7856. (¶ 18). On November 22, 2017, U.S. Magistrate Judge Harvey issued a pen register order for Verizon Wireless phone number 360-210-2360. (¶ 19). On November 27, 2017, Special Agent Kunkle, a member of the FBI's Cellular Analysis Survey Team, analyzed the data provided by Verizon Wireless that were obtained from the pen register for the dates of November 21st through November 27th. (¶ 20). Based on Agent Kunkle's analysis, he stated that he was able to limit the geographic area of the location of the device to within a 3-mile radius of the cell towers located at State Route 95 and Country Road 2704 in the Perrysville, Ohio area. *Id*.

Investigative personnel conducted a review of the pen register court order and the geo-location search warrant and determined 360-210-2360 is an active telephone number that was consistently using cell towers in the vicinity of latitude 40.6721, longitude -82.3042, which is approximately 1.7 miles north east of Perryville, Ohio. (¶ 21). On November 27, 2017, SA Kunkle conducted further analysis of the phone records obtained and focused on the top 25 most

4

frequent numbers in contact with 360-210-2360. (¶ 22). SA Kunkle identified only one number 419-496-9799 that was within the geographical area of where the device is located. (¶ 23). A records search revealed phone number 419-496-9799 had been used by Courtney Alexis Perry. *Id*. A Facebook search indicated that Ms. Perry was in a photograph with Michael Gregory Nixon. *Id*. Special Agent Kunkle recognized the name Michael Gregory Nixon as previously residing at 929 Township Road 2375, Perrysville, Ohio 44864. (¶ 24). An OHLEG database search revealed that Michael Gregory Nixon SSN XXX-XX-4287 had a last known address on King Road in Ashland, Ohio. (¶ 25). Special Agent Kunkle further identified Michael D. Nixon SSN XXX-XX-3207 as currently residing at 929 Township Road 2375, Perrysville, Ohio 44864. (¶ 26-27). The Affidavit failed to distinguish that Michael D. Nixon was a separate and distinct person from Michael G. Nixon. The Affiant indicates that the address of 929 Township Road 2375 Perrysville, Ohio 44864 is located within the geographical range indicated by SA Kunkel in paragraph 21. (¶ 28). Lastly, the Affiant alleges there is only one other residence located within the target area and the Affiant has no investigative leads linking the second residence to the number 360-210-2360.

In conclusion, the Affiant states: "Based on the aforementioned factual information, your affiant respectfully submits that there is probable cause to believe that an individual who resides at the residence described above is involved in the sexual exploitation of children. Your affiant respectfully submits that there is probable cause to believe that an individual residing in the residence described above has violated 18 USC §2251(a). Additionally there is probable cause to believe that evidence of the commission of criminal offenses, namely, violations of 18 USC §22151(a), is located in the residence described above, and the evidence listed in Attachment B of this affidavit, which is incorporated herein by reference, is contraband, the fruits of crime, or

things otherwise criminally possessed, or property which is or has been used as the means of committing the foregoing offenses. Your affiant, therefore, respectfully request that the attached warrant be issued authorizing the search and seizure of the items listed in Attachment B."

### III.   LAW & ARGUMENT.

Search warrants target places, not people. The Fourth Amendment guarantees that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. The amendment's text makes clear that "[s]earch warrants are not directed at persons; they authorize the search of 'places' and the seizure of 'things,' and as a constitutional matter they need not even name the person from whom the things will be seized." *Zurcher v. Stanford Daily*, 436 U.S. 547, 555 (1978). It follows that the "critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Id*. at 556. Thus, to establish probable cause for a search, an affidavit must show a likelihood of two things: first, that the items sought are "seizable by virtue of being connected with criminal activity"; and second, "that the items will be found in the place to be searched." *Id*. at 556 n.6.

"Probable cause" is "reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion." *United States v. King*, 227 F.3d 732, 739 (6th Cir. 2000) (citation omitted). "Whether an affidavit establishes probable cause is determined solely by "look[ing] . . . to the four corners of the affidavit." *United States v. Abernathy*, 843 F.3d 243, 249 (6th Cir. 2016) (citation omitted). To meet the nexus requirement of probable cause, "the circumstances must indicate why evidence of illegal activity will be found in a particular

6

place." *United States v. Carpenter,* 360 F.3d 591, 594 (6th Cir.2004) (en banc). The review is limited to the four corners of the application and affidavit. *Spinelli v. United States,* 393 U.S. 410, 413 n. 3, 89 S.Ct. 584, 587 n. 3, 21 L.Ed.2d 637 (1969). The determination of probable cause should be "based upon a common-sense reading of the entire affidavit." *Id.* at 588. Any evidence which is the product of the illegal search must be suppressed, and any subsequent evidence obtained as a result of such illegality should be suppressed, to wit: fruits obtained from a poisonous tree. *See Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407 (1963).

    The affidavit in this case does not establish, allege, or even suggest any basis for a finding of probable cause to believe that Michael D. Nixon had ever been involved in child pornography in any manner. The affidavit is silent as to Michael D. Nixon's background, potential connection to this offense, or criminal history. The name Michael D. Nixon is only listed twice in the affidavit, paragraphs twenty-six (26) and twenty-seven (27) which state that OHLEG identifies Michael D. Nixon as residing at 929 Township Road 2375 in Perrysville, Ohio. Contrary to that, a CLEAR search of 929 Township Road 2375, Perrysville, OH gave thirteen (13) results, one of which was Michael D. Nixon SSN xxx-xx-3207, DOB of 2/18/1963. Even when read in conjunction with the other paragraphs, the four corners of the affidavit does support of the search of Michael D. Nixon's person. The Affidavit failed to establish any probable cause to search his person.

    The investigation in this case lasted approximately five (5) days. The Task Force Officers prematurely obtained a search warrant when they did not have sufficient probable cause to authorize the search of the person Michael D. Nixon or the residence of 929 Township Road 2375. There was not any surveillance performed to determine what person or persons currently resided at 929 Township Road 2375. The residence could have been rented out to another

individual. More than one individual could have been living at the residence. The OHLEG records did not establish a sufficient nexus to connect Michael D. Nixon to the residence and identify him as the sole possible resident of 929 Township Road 2375 in Perrysville, Ohio.

The investigation revealed that Michael D. Nixon (DOB 02/18/1963) has a son listed as Michael Gregory Nixon (DOB 04/23/1998). Law enforcement knew that Michael D. Nixon and Michael Gregory Nixon were two separate individuals, father and son, yet failed to disclose that crucial fact in the affidavit. The investigative records indicate "MICHAEL D. NIXON has a son listed as MICHAEL GREGORY NIXON." The affidavit referenced both Michael Nixon's as potentially the same people, which is untrue and misleading. As of November 28, 2017, OHLEG reports that Michael D. Nixon resides at 929 Township Rd. 2375 in Perrysville, Ohio. Michael Gregory Nixon resided in Ashland, Ohio.

The affidavit alleges that the Target Telephone had one Ohio number listed in its top twenty-five (25) numbers, (419) 496-9799. That number was identified as belonging to Courtney Alexis Perry who resides in Mansfield, Ohio. Although the affidavit references "top twenty-five" numbers, the only reported date of contact with the Target Telephone and (419) 496-9799 was November 27, 2017. The investigators did not reach out to Courtney Alexis Perry and ask her to identify who she had been talking to. The investigators did look at Courtney Alexis Perry's Facebook page. Michael D. Nixon's son, Michael G. Nixon, was revealed as being Facebook friends with Courtney Alexis Perry and identified them as being in one (1) photograph together. Michael Nixon has 1,779 friends on Facebook and Courtney Alexis Perry has 666 friends on Facebook, which was not disclosed by the affiant. There were no Facebook records or any other records to connect Michael D. Nixon to Courtney Alexis Perry or her cell phone (419) 496-9799.

8

The Nortix data was collected for only five (5) days, November 22-26, 2017. That data was used to create the geo-location area of a three mile radius around the vicinity of latitude 40.6721, longitude -82.3042, which includes potentially hundreds of homes. It is important to note that November 22, 2017 through November 26, 2017, also fell during the timeframe of the Thanksgiving holiday (November 23, 2017), where many individuals travel with their mobile phones.  The "Moschella- Child Enticement Draft Case Map" for this case indicates that between November 22-26, 2017, Verizon cellular telephone bearing IMSI 3608443281 and MEID a00000477f7856 utilized cell sites indicating it was in the Perrysville, Ohio area and that the "Most Likely Location 929 or 935 Township Road 2375 Perrysville, Ohio 44864." Counsel is respectfully requesting leave from this Honorable Court to retain the services of an expert witness in cellular phone geo-location tracking to review the accuracy of this allegation in the affidavit. The affidavit alleges a three (3) mile radius and states there was only one other residence located in the area identified as a result of the five days of collected geo-location data from the cellular phone. The Defendant is in need of an expert witness to review this information to determine if the allegations in paragraph twenty-eight (28) of the affidavit are scientifically accurate.

Cellular phones are inherently mobile and can be easily transported from place to place. The affidavit must suggest that there is reasonable cause to believe that the specific things to be searched for and seized are located on the property to which entry is sought. The investigators did not have any indication that anything illegal was occurring at the property or that Michael D. Nixon had committed a criminal act. Other than Michael D. Nixon being a potential resident of the property, the affidavit failed to establish any probable cause to warrant the search in this case.

The sole purpose of the search warrants in this case were to recover a cellular phone(s). The affidavit failed to provide sufficient evidence in support of probable cause for the search of Nixon's person or the property. The cellular phone was recovered as a result of the search warrant for Nixon's person. Based on the totality of the investigation and information contained within the four corners of the affidavit, the warrants lacked probable cause. The investigators prematurely obtained these warrants without obtaining the information necessary to establish that Michael D. Nixon committed a criminal offense or that any evidence of illegal activity would be found at the property. As a result, all evidence obtained as a result of the illegal search must be suppressed. In addition, the evidence and testimony obtained as a result of the illegal search should be suppressed as fruits of the poisonous tree.

Pursuant to *Franks*, the Defendant has made a substantial preliminary showing that a false statement knowingly, and intentionally, or with reckless disregard for the truth, was included in the affidavit. *Franks v. Delaware*. 438 U.S. 154 (U.S. 1978). *Franks* stands for the proposition that when a defendant makes a "substantial preliminary showing that a false statement is (1) "knowingly and intentionally, or with reckless disregard for the truth…included by the affiant in the warrant affidavit" and (2) necessary to the finding of probable cause", the Fourth Amendment entitles the defendant to a hearing. *Id*. If at that hearing, the Defendant demonstrates by a preponderance of the evidence that the above are in fact true, "the search warrant must be voided and the fruits of the search excluded as if probable cause was lacking on the face of the affidavit." Although an affidavit which omits potential exculpatory information is less likely to present a question of impermissible official conduct than one which affirmatively includes false information, material omissions, as opposed to affirmatively false statements, included in an affidavit, are not immune from inquiry under *Franks*.

10

Based on the totality of the arguments herein, the Defendant has made a substantial preliminary showing entitling him to a hearing. Not only did the affidavit include blatantly false information inferring Michael D. Nixon and Michael G. Nixon were the same person when the investigators knew they were father and son, the affiant knew there was no other connection to link Michael D. Nixon to the target telephone number. Without proper nexus to search Michael D. Nixon's person or property, the warrant was obtained in violation of Michael D. Nixon's fourth amendment rights and should be suppressed pursuant to law.

## IV.   CONCLUSION

In deciding whether probable cause exists, the totality of the circumstances must be reviewed in a "realistic and commonsense fashion." *United States v. Finch*, 998 F.2d 349, 352 (6th Cir.1993). Based on the foregoing facts, evidence, and law, it is unrealistic that there was probable cause to support Michael D. Nixon's person, which resulted in the seizure of phone number 360-210-2360 (Target Telephone) or the property. As a result, the Defendant respectfully requests that this Honorable Court issue an order suppressing evidence in this case derived from the illegal search and all evidence derived from the illegal search, including but not limited to any statements made by the Defendant.  In the alternative, there are clearly contested issues of fact in this case bearing on the validity of the search which warrant an evidentiary and *Franks* hearing.

Respectfully Submitted,

/s/ Kevin M. Cafferkey_____
KEVIN M. CAFFERKEY, (#0031470)
Attorney for the Defendant
55 Public Square
2100 Illuminating Building
Cleveland, OH 44113
(216) 363-6014
kmcafferkey@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2018, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Kevin M. Cafferkey<br>
KEVIN M. CAFFERKEY, (#0031470)<br>
Attorney for the Defendant