# THE UNITED STATES DISTRICT COURT
# NORTHER DISTRICT OF OHIO
# EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18CR185 |
|---|---|---|
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| v. | ) | **ORDER** |
| MICHAEL D. NIXON, | ) | |
| | ) | (Resolves Doc. 16) |
| Defendant. | ) | |

This matter comes before the Court on Defendant Michael D. Nixon's motion to suppress the evidence gathered against him and seeking appointment of an expert in support of such a motion. The two-part motion is DENIED.

**I.     Facts**

The facts underlying the searches and seizures in this matter are largely undisputed. On November 16, 2017, police officers in the District of Columbia were contacted by the parents of a ten-year-old girl. The parents reported that their daughter received text messages from the phone number (360) 214-1406. The text messages requested that the recipient send nude photographs in response. The juvenile victim complied and sent photographs. Additional text messages resulted in the victim both sending and receiving additional photographs that showed her partially nude. When the minor victim attempted to end the text conversation, the unknown sender stated that the messaging would stop if the victim provided names and contact information for her friends. The sender also threatened to send the victim's photographs to her

school if she did not comply with his demands. The victim then deleted the text messages and reported their content to her mother.

District of Columbia police were able to extract several of the deleted text messages and issued an administrative subpoena hoping to find the identity of the subscriber for the -1406 phone number. Verizon Wireless responded that the number belonged to a prepaid cellular phone and therefore no subscriber information was available.

Further investigation revealed that -1406 number was also linked to a complaint in the state of Washington. In that complaint, a seventeen-year-old girl received text messages with images of a female's face and genitalia. The messages wished the teen girl a happy birthday while inquiring about a lesbian experience with her.

As law enforcement was unable to obtain subscribed information, authorities in the District of Columbia sought and received on November 20, 2017. a search warrant for historical cell site and location data for a period of 30 days for the -1406 number. The following day, Verizon Wireless informed authorities that the cell phone number attached to the target device had been changed to (360) 210-2360. Verizon also informed authorities that the device was assigned the mobile equipment identifier(MEID) a00000477f7856.

On November 22, 2017, a Pen Register order was signed authorizing the gathering of dialing, addressing, routing, and signaling information from the -2360 number. On November 27, 2017, Special Agent Jacob Kunkle utilized the data provided by Verizon pursuant to the pen register order. Kunkle used this information to limit the geographical location of the target device to within a 3-mile radius of two cell towers in Perrysville, Ohio. The geo-location data also revealed that the -2360 was an active number that consistently used cell towers that were approximately 1.7 miles northeast of Perrysville.

On November 27, 2017, Kunkle continued his analysis of the data collected from the pen register. Kunkle reviewed the 25 phone numbers more frequently in contact with the -2360 number. Only one number, (419)-496-9799, was within the geographical area previously identified from the Verizon data. Kunkle learned that the -9799 number had been used by a person identified as Courtney Alexis Perry. Further investigation led Kunkle to discover Perry in a photograph with Michael *Gregory* Nixon. Kunkle recognized that this name as a prior residence of 929 Township Road 2375 in Perrysville. This address was squarely within the radius Kunkle had identified from his review of the Verizon data.

Kunkle then accessed the Ohio Law Enforcement Gateway ("OHLEG") to determine Michael G. Nixon's current address. Michael G. Nixon was found to be residing in Ashland, Ohio. However, additional review of OHLEG revealed that Michael D. Nixon, the defendant herein, was currently residing at 929 Township Road 2375. Kunkle also determined that the only other residence within the target area, 1.7 miles northeast of Perrysville, had no apparent connections to the -2360 number.

Based upon the above, a search warrant for the premises located at 929 Township Road 2375, Perrysville, OH and for the person of Michael D. Nixon was issued on November 28, 2017. The warrant authorized the seizure of a Samsung Gusto 3 cellular telephone with assigned call number (360) 2210-2360 and mobile equipment identifier(MEID) a00000477f7856.

The warrant was executed on November 29, 2017. Michael D. Nixon was present at the resident. A search of his person was performed, and the target cell phone was located in his left front pocket. After being told he was free to leave, Nixon indicated that he wished to cooperate and be truthful. Nixon made several incriminating statements during his discussion with the FBI agents that executed the warrant. Nixon also provided consent to search numerous electronic

devices that were found in the residence. An additional search warrant was obtained to search these devices. Based upon the above facts, Nixon was indicted on five counts of sexual exploitation of children, one count of receipt and distribution of child pornography, and one count of possession of child pornography. Nixon now seeks to suppress the evidence gathered against him.

**II.      Suppression**

"Probable cause is defined as 'reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion.'" *United States v. Smith*, 182 F.3d 473, 477 (6th Cir. 1999) (quoting *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990)). The test for probable cause is simply whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998) (internal quotation marks omitted). The existence of probable cause must be determined using a "totality of the circumstances" test; that is, the question is whether, given all of the facts known to the police officer, there is a fair probability that contraband or evidence will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

An affidavit in support of "a search warrant need not establish beyond a reasonable doubt that incriminating evidence will be found on the premises to be searched." *United States v. Blakeney*, 942 F.2d 1001, 1025 (6th Cir. 1991). However, probable cause does require a "substantial basis" for concluding that evidence of a crime will be found at the location to be searched. *Id.* (citing *Gates*, 462 U.S. at 238).

Neither the issuing judge nor the reviewing courts should engage in line-by-line scrutiny of the warrant application's affidavit. *United States v. Allen*, 211 F.3d 970, 973 (6th Cir.2000) (quoting *Gates*, 462 U.S. at 246 n. 14). Rather, courts should take a totality of the circumstances

4

approach in their review of the affidavit, and reviewing courts may afford "considerable weight to the conclusion of experienced law enforcement officers regarding where evidence of a crime is likely to be found and [the courts are] entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the crime and type of offense." *Id*. (quoting *United States v. Caicedo*, 85 F.3d 1184, 1192 (6th Cir.1996) (citations and internal quotation marks omitted)). The "critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific 'things' to be searched for and seized are located on the property to which entry is sought." *Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978).

Nixon appears to argue that the warrants lacked probable cause to justify searching his person. Specifically, Nixon contends that there was no evidence to suggest that he had engaged in any criminal conduct. However, as detailed in the facts above, there was ample evidence that the target phone would be located at the residence to be searched. The geolocation data from the device limited the possible location to two residential addresses. Moreover, only one of those addressees had any relation to the target device –calls to Ms. Perry who had ties to a former resident of the property, Michael G. Nixon. Accordingly, there was more than sufficient probable cause to search the property.

Nixon's argument that the affidavit did not establish that he had engaged in any offense offers him no relief. It is undisputed that Nixon was properly identified as the current resident of 929 Township Road 2375, Perrysville, OH. A court "is entitled to draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense[.]" *United States v. Hodge*, 246 F.3d 301, 305-06 (3d Cir. 2001). An issuing judge may draw such inferences based upon "the type of crime being investigated, the nature of things to be seized, the extent of an opportunity to conceal the evidence elsewhere and the normal inferences

5

that may be drawn as to likely hiding places." *United States v. Savoca*, 761 F.2d 292, 298 (6th Cir. 1985). Herein, it was reasonable for the magistrate to infer that the cell phone that was to be seized would be located or concealed upon the person of the resident of the home. Accordingly, there was probable cause to search the person of Michael D. Nixon.

### III. Expert

Nixon's motion also contains several related arguments. First, Nixon requests an expert to review the geolocation data gathered by authorities. However, Nixon's counsel has not shown that an expert is necessary. The current motion shows an understanding of the data and fails to raise any argument as to why an expert is necessary. Accordingly, the motion is DENIED.[1]

### IV. *Franks* Hearing

Similarly, Nixon requests a *Franks* hearing with no reasonable basis. The Franks Court set out the standard a defendant must satisfy to warrant a hearing as follows:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. The deliberate falsity or reckless disregard whose impeachment is permitted today is only that of the affiant, not of any nongovernmental informant.

---

[1] The request itself is also woefully untimely. The Court has considered the current motion to suppress despite it being filed two days after the Court's deadline. However, seeking an expert to assist in the review of data that is relevant to the motion at this time would serve no purpose other than to delay this matter. In that regard, Nixon was indicted on April 11, 2018. Nixon was arraigned on May 10, 2018, and this Court declared the matter complex on July 2, 2018. An additional pretrial conference was held on November 16, 2018, once again extending the time period for filing pretrial motions to October 29, 2018. Nixon filed his motion with his request for an expert on October 31, 2018, more than six months after his first appearance and well too late to allow this matter to remain on schedule for trial. Nixon, therefore, had ample opportunity to analyze discovery and request an expert in a timely manner and failed to do so.

*Franks v. Delaware*, 438 U.S. 154, 171 (1978). This high initial burden is designed to prevent defendants from abusing the process and to ensure that frivolous claims do not result in mini-trials. *Id*. at 170.

In his motion, Nixon asserts that the "affidavit include[d] include blatantly false information inferring Michael D. Nixon and Michael G. Nixon were the same person when the investigators knew they were father and son[.]" It is unclear on what conceivable basis that Nixon makes this assertion. The affidavit includes the following:

> 24. SA Kunkle had previously conducted a records search of residences located within the target area as described in paragraph 21. SA Kunkle recognized the name Michael Gregory Nixon from this search as having previously resided at 929 Township Road 2375, Perrysville, Ohio 44864, which is located within the target area.
>
> 25. A check of the Ohio Law Enforcement Gateway (OHLEG) database revealed Michael Gregory Nixon, SSN XXX-XX-4287, has a last known address on King Road in Ashland, Ohio.
>
> 26. SA Kunkle further identified Michael D. Nixon, SSN XXX-XX-3207, as currently residing at 929 Township Road 2375, Perrysville, Ohio 44864.
>
> 27. A check of OHLEG also identified Michael D. Nixon as residing at 929 Township Road 2375, Perrysville, Ohio 44864.

Doc. 17-3 at 13-14. As such, the affidavit asserts that Nixon's son is a *former* resident of the target address. The affidavit uses the son's full middle name, Gregory. Further, the affidavit provides distinct Social Security numbers for Michael Gregory Nixon and Michael D. Nixon. Finally, the affidavit identifies Michael D. Nixon as a current resident of the target address. As such, there is no viable argument that the affidavit in any manner inferred that Nixon and his son were the same person. Furthermore, the affidavit is clear that Ms. Perry was seen in a photograph with Nixon's son, a former resident of the property. These background facts were all

links in tying the target device to the target address. Nixon has not made any showing that any of the facts provided were false. As such, he is not entitled to a *Franks* hearing.

V.      **Conclusion**

Nixon's motion is DENIED in its entirety. There is no basis to suppress the evidence seized from Nixon or his subsequent statements. Nixon has not demonstrated any need for an expert, and Nixon has failed to demonstrate any false statements in the affidavits to warrant an evidentiary hearing.

IT IS SO ORDERED.

November 20, 2018                    */s/ Judge John R. Adams*
                                                                 JUDGE JOHN R. ADAMS
                                                                 UNITED STATES DISTRICT COURT