ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL NIXON, ) | CASE NO. 1:18CR185 |
| Petitioner, ) | 1:21CV1924 |
| ) | |
| v. ) | |
| ) | Judge John R. Adams |
| UNITED STATES OF AMERICA, ) | |
| ) | **ORDER** |
| Respondent. ) | |

Pending before the Court is Petitioner Michael Nixon's Motion and to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 61. The motion is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Nixon's contention is that his trial counsel was ineffective in multiple ways. Nixon's burden to establish an ineffective assistance of counsel claim is two-fold. Under the standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), Nixon must first show that counsel's performance was deficient. Pursuant to *Strickland*, "deficient" conduct is not simple error; counsel must have erred so "serious[ly] that counsel was not

functioning as the 'counsel' guaranteed...by the Sixth Amendment." *Id*. at 687. When evaluating counsel's performance, a court is required to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (internal citation omitted).

If deficient conduct is identified, Nixon must then demonstrate that counsel's deficient performance prejudiced his defense. *Id*. at 692. To demonstrate prejudice, it is not enough to show that the "errors had some conceivable effect on the outcome of the proceeding" as any "act or omission of counsel would meet this test." *Id*. at 693. Instead, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 693. In effect, counsel's performance must have "caused the defendant to lose where he would probably have won" by conduct "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis omitted).

Nixon contends as follows relative to his ineffective assistance of counsel claims:

"Counsel led defendant to believe that his appeal would be successful and that he has to plead guilty in order to appeal." Doc. 61 at 4.

"Counsel failed to negotiate any plea, only bringing defendant to plea to all counts of the indictment a week before trial, resulting in a maximum sentence on each count, no different had he gone to trial and lost." Doc. 61 at 5.

"Possession of child pornography is a lesser included offense of receipt and distribution of child pornography.  Counsel failed to argue that double jeopardy exists being convicted of both offenses for the same circumstances." Doc. 61 at 7.

Nixon does not elaborate on any of his allegations of deficient counsel. Therefore, it is difficult to ascertain the precise arguments he seeks to raise. The Court, however, notes that Nixon does not contend at any point in time that his plea was now knowing and voluntary. Moreover, a review of the transcript of his change of plea hearing confirms that Nixon agreed that he was satisfied with the work his counsel had performed and that he had not threatened or promised anything to enter his plea. Further, while Nixon contends that his counsel did not negotiate any plea, Nixon entered into a plea agreement with the Government. His assertions, therefore, is not supported by the record.

Nixon's contention regarding a double jeopardy argument also lacks merit. "[W]hile possession of child pornography is generally a lesser-included offense of receipt of child pornography, conviction under both statutes is permissible if separate conduct is found to underlie the two offenses." *United States v. Dudeck*, 657 F.3d 424, 430 (6th Cir. 2011). Herein. Nixon's conviction for receipt and distribution was related to images found on a computer. In contrast, his conviction for possession of child pornography was related to images found on three cell phones. Accordingly, there is no basis to raise a double jeopardy challenge to his convictions.

In summary, Nixon has failed to identify any deficient performance by counsel and his motion is DENIED. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

August 9, 2022                                                            /s/John R. Adams
Date                                                                        John R. Adams
                                                                                U.S. District Judge