# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:18-cr-00185 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | |
| MICHAEL D. NIXON, | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | (Resolves Docs. 65, 76) |
| | ) | |

This matter is before the Court on the *Motion for a Reduction in Sentence to Allow for a Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)* (Doc. 65) (the "Motion") and the *Motion for Expedited Granting of Defendant's Unopposed Motion for a Compassionate Release* (Doc. 76) filed by *pro se* Defendant Michael D. Nixon ("Nixon").  The United States of America filed the *Government's Response in Opposition to Defendant's Motion for Compassionate Release* (Doc. 75) (the "Response") and Nixon filed an additional reply (Doc. 79).

For the reasons stated below, the Motion is DENIED.

## I.     BACKGROUND

A federal grand jury charged Nixon with five counts of sexual exploitation of children in violation of 18 U.S.C. § 2251(a), one count of receipt and distribution of visual depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Doc. 1. Pursuant to a plea agreement (Doc. 25), Nixon pled guilty as to all counts. *See Minutes of Proceedings*, docket entry dated December 3, 2018.

At sentencing, the Court applied a guideline range of 324–405 months based on an offense level of 41 and a criminal history category of I. *Sentencing Transcript*, Doc. 48 at pp. 4–5. The Court sentenced Nixon to 360 months' imprisonment. Doc. 34.

Since his sentencing, Nixon has made several unsuccessful attempts at release from imprisonment, including an appeal to the Sixth Circuit, a motion to vacate under 28 U.S.C. § 2255, and a prior motion for compassionate release due to the threat of COVID-19. He now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) based on numerous health conditions. He argues that the § 3553(a) factors further weigh in favor of his release.

## II.    LAW AND ANALYSIS

The Court generally cannot change or modify a sentence once it is imposed unless that authority is expressly granted by statute. *United States v. Alexander*, 951 F.3d 706, 707 (6th Cir. 2019) (citation omitted). One grant of authority to modify sentences lies in 18 U.S.C. § 3582(c)(1)(A).

As a preliminary matter, if the motion for compassionate release is filed by the defendant, the Court must first ensure either i) they have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or ii) that 30 days have lapsed from the receipt of the request by the warden of defendant's facility. 18 U.S.C. § 3582(c)(1)(A). Nixon submitted a request to the Bureau of Prisons to bring a motion for compassionate release on his behalf on April 9, 2024. Doc. 65-2. Therefore, this first requirement is satisfied.

The Sixth Circuit explained this Court's duties and obligations when considering a motion for compassionate release as follows:

> In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether

2

> the applicable § 3553(a) factors warrant such a reduction. A third consideration, the §
> 1B1.13 policy statement, is no longer a requirement courts must address in ruling on
> defendant-filed motions. *Hampton*, 985 F.3d at 531. To that end, district courts need not
> confine themselves to evaluating extraordinary and compelling reasons as defined by the
> Sentencing Commission in the § 1B1.13 policy statement. *Elias*, 984 F.3d at 519.

*United States v. Montero*, 842 Fed. Appx. 1007, 1008 (6th Cir. 2021) (internal quotation marks

omitted).   In short, district courts have discretion to define "extraordinary and compelling"

circumstances. *United States v. McCall*, 56 F.4th 1048, 1054–55 (6th Cir. 2022).   In November

2023, Amendment 814 took effect and altered the policy statement, U.S.S.G. § 1B1.13, providing

for its application to motions for compassionate release filed by defendants. *United States v.

Sandlain*, No. 23-2101, 2024 U.S. App. LEXIS 8273, at *4 (6th Cir. Apr. 5, 2024). Most notably

here, the policy statement sheds light upon "extraordinary and compelling" reasons and adds new

guidance as to when medical circumstances may be considered. *See* U.S.S.G. § 1B1.13(b)(1).

### A.  Nixon's Medical Conditions

Nixon lists several of his medical conditions in support of the argument that his

circumstances are "extraordinary and compelling." Nixon indicates he suffers from cardiac issues

including angina, prior heart attacks, abnormal electrocardiograms, hypertension, and a prior

double bypass surgery; respiratory issues including chronic obstructive pulmonary disease

(COPD), asthma, pulmonary nodules, and chronic rhinitis; cerebrovascular disease (history of

stroke); cancer; peripheral vascular disease; hyperlipidemia, obesity; abnormal blood chemistry

(vitamin D deficiency); asthma; and neurological issues and pain associated with neuritis,

neuropathy, arthritis, and degenerative disk disease. Doc. 65 at pp. 3–15. He also argues that he is

at risk of COVID-19 due to his desire to not continue with periodic booster shots, and airborne

viruses pose a risk to him in the institutional setting. Doc. 65 at pp. 15–16.

In the Sixth Circuit, "extraordinary and compelling" reasons have historically "encompassed changes in fact–like terminal illness and family emergencies–largely unforeseeable at sentencing." *McCall*, 56 F.4th at 1060. But, district courts have full discretion to determine whether a defendant's medical circumstances are "extraordinary and compelling." *See Id.* at 1054–55; *see also United States v. Bass*, 843 Fed. Appx. 733, 735 (6th Cir. 2021). While medical conditions that increase the risk of severe illness may demonstrate "extraordinary and compelling" reasons, the "threshold is not met when an otherwise healthy defendant seeks compassionate release on the basis of well-controlled medical conditions." *Bass* at 735.

First, the Court was aware of several of Nixon's ailments at sentencing. At the time, he reported cardiac issues, including prior stroke, heart attacks, and bypass surgery, arthritis, osteoporosis, joint pain, and degenerative disk disease. Doc. 28 at p. 15, ¶ 101. However, the COPD, asthma, pulmonary nodules, rhinitis, cancer, vascular disease, hypertension, hyperlipidemia, obesity, vitamin D deficiency, and asthma are newly reported. Nixon provided extensive medical records attached to his Motion (Doc. 65, Ex. B–O). Collectively, the records show he is on numerous medications and receiving treatment for various illnesses. Further, nothing in the record suggests any sort of non-recoverable or unmanageable serious condition that might rise to the level this Court considers as "extraordinary and compelling." *See* U.S.S.G. § 1B1.13(b)(1)(C). Accordingly, Nixon's medical conditions do not warrant his compassionate release. *See Bass* at 735.

**B.  The Section 3553(a) Factors**

If the defendant establishes that "extraordinary and compelling" reasons for their release exist, the second question the Court faces is whether the applicable § 3553(a) factors warrant such a reduction. *United States v. Montero*, 842 Fed. Appx. 1007, 1008 (6th Cir. 2021). Although the

4

Court finds Nixon has not met the threshold requirement of establishing "extraordinary and compelling" reasons, it has additionally considered the § 3553(a) factors to alternatively find they do not warrant his release.

The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3553(a).

Nixon essentially asks the Court to reconsider the § 3553(a) factors by minimizing the nature and circumstances of his offenses, claiming that his offenses were mere "incidents of catfishing" rather than the harmful and dangerous exploitation of minors. Doc. 65 at p. 18. He also asks the Court to consider his rehabilitation efforts, including his participation in many education classes. Doc. 65 at pp. 18–19. Last, Nixon indicates that his time in prison has been mentally and physically difficult, and he has a release plan that would minimize his contact with others, providing for the safety of him and others. Doc. 65 at pp. 19–23.

The Court recognizes Nixon's commitment to personal improvements while incarcerated and appreciates his efforts to coordinate a reentry plan. However, upon consideration of all applicable § 3553(a) factors, the Court has determined that release is not warranted in light of the

circumstances of Nixon's case.  Most relevant here is the nature of the offenses and the need of the sentence to promote respect for the law, afford adequate deterrence, and protect the public from future crimes. *See* 18 U.S.C. §§ 3553(a)(1) and (2). Although Nixon did not make physical contact with any of his victims (as mentioned in the Motion), the criminal conduct in this case was horrific. Nixon solicited boys and girls aged 10 to 15 and exploited them by portraying himself as a fellow teenager and persuading them to send explicit photos of themselves, which he would save and keep on multiple cell phones for self-gratification and personal use. Doc. 28 at pp. 5–7, ¶¶ 9–24. Some of this exploitation included posing as a young girl by sending explicit photos [that he received from other victims], and then threatening to expose his victims to their schools, law enforcement, or other random people when they attempted to cut off communication with him. *Sentencing Transcript*, Doc. 48 at pp. 39–42. These were serious offenses and the type that can have mental health implications on victims and their families long into the future. Accordingly, the Court finds that the safety of the public and the seriousness of his offenses weigh heavily against release.

At the time of sentencing, the Court considered the applicable factors and determined that a 360-month sentence promoted respect for the law, afforded adequate deterrence, and protected the public. *See* 18 U.S.C. § 3553(a)(2). The Court finds the same today.

### III.  CONCLUSION

Nixon does not present "extraordinary and compelling" circumstances that warrant his compassionate release. Additionally, the applicable § 3553(a) factors do not warrant a reduction to his sentence. For the reasons stated above, the *Motion for a Reduction in Sentence to Allow for a Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)* (Doc. 65) is DENIED.  The

*Motion for Expedited Granting of Defendant's Unopposed Motion for a Compassionate Release*

(Doc. 76) is DENIED as MOOT given the ruling on Nixon's underlying motion.


Date:  July 7, 2025                               */s/ John R. Adams*
                                          JOHN R. ADAMS
                                          UNITED STATES DISTRICT JUDGE